■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER L. AGLIO, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Tomasello, J.), rendered July 15, 1982, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence adduced at trial was sufficient to permit a rational trier of fact to find that defendant was guilty, as charged, of rape in the third degree (Penal Law § 130.25 [2]; *People v Contes,* 60 NY2d 620, 621). The victim's testimony was sufficiently corroborated, pursuant to the then-existing requirements of Penal Law § 130.16 with respect to offenses of this nature, by the introduction of the signed statement which defendant gave to the police following the incident (*see, People v Weyant,* 68 AD2d 608; *see also, People v St. John,* 74 AD2d 85, *appeal dismissed* 53 NY2d 704).

Defendant's contention that the trial court erred in denying his request that sexual misconduct (Penal Law § 130.20 [1]) be. charged as a lesser included offense of rape in the third degree (Penal Law § 130.25 [2]) is without merit, as there was no reasonable view of the evidence which could have supported a finding that he committed the lesser offense but not the greater (*see, People v Glover,* 57 NY2d 61; CPL 300.50 [1], [2]). Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.