■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAMON ATES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 29, 1987, convicting him of rape in the first degree and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial, after a hearing (Naro, J.), of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, the record reveals that he was not subjected to the kind of repeated questioning that was designed to lower his resistance or undermine his will *(see, People v Chapple,* 38 NY2d 112). Accordingly, the court properly refused to suppress the statement made by the defendant to Officer Stanton which was made some five hours after the initial questioning had stopped and only after Detective Stanton had advised the defendant of his *Miranda* rights again *(see, People v Perry,* 144 AD2d 706; *People v McIntyre,* 138 AD2d 634).

The court also properly refused the defendant's request that sexual misconduct be charged as a lesser included offense of rape in the first degree as there was no reasonable view of the evidence which could have supported a finding that he committed the lesser offense but not the greater *(see, People v Glover,* 57 NY2d 61; *People v Aglio,* 112 AD2d 440).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.