■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. SCHULTZ, Appellant.—Appeal by the defendant from a

judgment of the County Court, Westchester County (LaCava, J.), rendered February 26, 1991, convicting him of driving while intoxicated, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing, of that branch of the defendant's motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that his station-house statement, given after he waived his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436), was tainted by the illegality of a prior inadmissible statement. The defendant was not subjected to such continuous interrogation as to render the *Miranda* warnings ineffective *(see, People v Chapple,* 38 NY2d 112; *People v Bethea,* 67 NY2d 364). Furthermore, the interval of time between the making of the two statements, in conjunction with the intervening circumstances, provided sufficient attenuation to remove any taint which could be attributable to the inadmissible statement *(see, People v Ates,* 157 AD2d 786, 787; *People v Chapple, supra).* Additionally, the defendant did not testify at the suppression hearing and no evidence was adduced in support of his contention that the station-house statement was involuntarily given on constraint of the prior inadmissible statement, under the so-called "cat out of the bag theory" *(see, People v Davis,* 169 AD2d 774; *People v Shipman,* 156 AD2d 494; *People v McIntyre,* 138 AD2d 634; *People v Chapple, supra,* at 115). Accordingly, the court properly denied suppression of that statement. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.