■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERRENCE BOYLE, Respondent. [658 NYS2d 641] —Appeal by the People from an order of the Supreme Court, Queens County (Appelman, J.), dated July 2, 1996, which granted that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to the police.

Ordered that the order is affirmed.

Contrary to the People's contention, the hearing court did not err in granting that branch of the defendant's omnibus motion which was to suppress the inculpatory statements he made to the police prior to the administration of *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436). The record reveals that after receiving information leading them to believe that the defendant was the driver of a white Camaro which had just been used as a getaway car in an armed robbery, three police officers staked out the defendant's home. Upon observing the defendant return to his residence, Police Officer Roger Filippi approached the front door and rang the bell, while one of his partners walked around to the rear of the house. When the defendant refused to answer the doorbell, Filippi called for assistance. Three or four units responded to the call, and six to eight uniformed officers spread out around the perimeter of the defendant's residence. Minutes later, the defendant came out of his house with his hands up, saying, "I give up, I give up. I just called the precinct and told them I was coming out". Filippi, who had his gun drawn, then put his hands against the defendant's back, and walked the defendant over to his police vehicle. After ordering the defendant to kneel and place his hands on the trunk of the police vehicle, Filippi began to question him about whether he had been driving the Camaro in the vicinity of the robbery. In response to the questioning, the defendant admitted that he had been driving the Camaro, and that he had picked up "two guys" near the robbery scene.

The well-settled standard for analyzing whether a pre-*Miranda* statement was the product of a custodial interrogation is whether a reasonable person, innocent of any crime, would have believed that he was free to leave the presence of the police (*see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US

851; *People v Centano,* 76 NY2d 837; *People v Coggins,* 234 AD2d 469). Applying this standard here, we find that the record supports the hearing court's determination that the defendant was in custody when he exited his residence, which had been surrounded by the police, and was directed to kneel on the ground by an officer who had his gun drawn. Under these circumstances, a reasonable person would not have harbored any reasonable expectation that he had a right to leave or to refuse to accompany the officers to the police precinct (*see, People v Davis,* 224 AD2d 541; *People v Perkins,* 189 AD2d 830), and thus it was improper to question the defendant about his role as the driver of the getaway vehicle used in the robbery without administering *Miranda* warnings. Miller, J. P., Copertino, Krausman and Florio, JJ., concur.