■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE MORGAN, Appellant. [715 NYS2d 754] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered June 2, 1997, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his second statement, given at the police station after he waived his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436), was not tainted by the illegality of a prior, inadmissible statement. The interval of time between the making of the two statements, in conjunction with the intervening circumstances, provided sufficient attenuation to remove any taint attributable to the inadmissible statement (*see, People v Nisbett,* 225 AD2d 801; *People v Ates,* 157 AD2d 786; *People v Steed,* 133 AD2d 433). Additionally, the defendant did not testify at the suppression hearing and no evidence was adduced in support of his contention that the second statement was involuntarily made on constraint of the prior inadmissible statement, under the so-called "cat out of the bag" theory (*see, People v Tanner,* 30 NY2d 102, 105-106; *People v Alaire,* 148 AD2d 731, 738; *People v Schultz,* 187 AD2d 466, 467). Accordingly, the hearing court properly denied that branch of the omnibus motion which was to suppress that statement.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.