■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ROLLE, Appellant. [723 NYS2d 381] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered November 25, 1997, convicting him of conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to establish the element of "overt act" necessary in a prosecution for conspiracy is not preserved for appellate review, since, at trial, he did not raise that specific argument (see, People v Lawrence, 85 NY2d 1002; People v Norman, 85 NY2d 609). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant was incarcerated awaiting trial on a rape charge. In furtherance of his plan to have the complainant in the rape case killed, the defendant provided an undercover police officer posing as a "hit man," with a detailed description of the prospective victim. The defendant also provided the undercover officer with a description of the prospective victim's car and where she could be found. The foregoing constitutes independent overt acts which, contrary to the defendant's unpreserved claim, provide corroboration "of the existence of the agreement and indicates that the agreement has reached a point where it poses a sufficient threat to society" (People v McGee, 49 NY2d 48, 58; see also, People v Gerenstein, 179 AD2d 930, 935; People v Bongarzone, 116 AD2d 164, affd 69 NY2d 892).

Upon the exercise of our factual review power, we are also satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.