■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKARDO SAMUELS, Appellant. [784 NYS2d 36]—

Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered July 16, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's motion to suppress his written statement. Even if we were to find that the oral statement defendant made at the time he was arrested was the product of a custodial interrogation without *Miranda* warnings, we would find that the record supports the hearing court's finding of attenuation with respect to the written statement. There was a definite and pronounced break of 45 minutes between the initial statement made at the scene and in the police car, and the written statement made at the precinct. The written statement came after defendant voluntarily waived his *Miranda* rights, and there was no continuing interrogation during the time between the oral and written statements (*see People v*

*Chapple*, 38 NY2d 112 [1975]; *People v Dunkley*, 200 AD2d 499 [1994], *lv denied* 83 NY2d 871 [1994]). Furthermore, the two statements were made in very different contexts; the focus of the initial interview was to develop probable cause, as quickly as possible, to arrest certain other persons whom defendant pointed out as alleged drug dealers. In addition, there is no evidence that the police used the prewarnings statement to obtain the postwarnings statement, or that the police deliberately withheld warnings in order to obtain a preliminary statement that would lead to a later statement (*see Missouri v Seibert*, 542 US —, 124 S Ct 2601 [2004]).

Defendant's challenges to the background testimony about the roles of various participants in a street-level drug transaction and to the court's failure to provide a limiting instruction are unpreserved (*People v Everson*, 100 NY2d 609 [2003]; *People v Tevaha*, 84 NY2d 879 [1994]), and we decline to review them in the interest of justice. Were we to review the claims, we would find no basis for reversal. Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.