THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. BOYD, Appellant. [801 NYS2d 469]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 10, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]). The People presented evidence at trial establishing that defendant repeatedly stabbed his girlfriend and fractured her skull with a baseball bat, causing her death. The murder occurred in the home where defendant resided with the victim and her two sons. We reject defendant's contention that a comment made by a police officer after the officer elicited pedigree information from defendant but prior to the administration of *Miranda* warnings constituted interrogation. The officer indicated to defendant that he would like to talk to him "about what had happened and that we had already spoken to the children" and, in response to that comment, defendant reportedly broke down and began to sob. He was advised of his *Miranda* rights after he regained his composure, before any actual questioning commenced. We conclude that the officer's comment to defendant was a simple statement of fact, not designed to evoke an incriminating response from defendant (*see Rhode Island v Innis*, 446 US 291, 300-301 [1980]; *see also People v Howard*, 60 NY2d 999, 1001 [1983]). Defendant's reaction to the comment was spontaneous and not the product of " 'inducement, provocation, encouragement or acquiescence' " (*People v Gonzales*, 75 NY2d 938, 939 [1990], *cert denied* 498 US 833 [1990]), and the fact that defendant sobbed in response to the comment was admissible at trial, as was the information obtained from defendant after he waived his *Miranda* rights. Supreme Court therefore properly denied defendant's suppression motion (*see People v Oglesby*, 15 AD3d 888, 889 [2005], *lv denied* 4 NY3d 855 [2005]). Contrary to defendant's further contention, "[t]here is no Federal or State due process requirement that interrogations and confessions be electronically recorded" (*People v Falkenstein*, 288 AD2d 922, 923 [2001], *lv denied* 97 NY2d 704 [2002]).

Finally, we reject defendant's contention that the court erred in its *Sandoval* ruling. Pursuant to that ruling, the court prohibited the People from cross-examining defendant with respect to all convictions and bad acts that occurred more than 10 years prior to the crime at issue herein and otherwise narrowly limited the People's ability to cross-examine defendant with respect to more recent crimes and bad acts. Thus, we conclude that the court's *Sandoval* ruling does not constitute an abuse of discretion (*see generally People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Ellis*, 183 AD2d 534, 535 [1992], *affd* 81 NY2d 854 [1993]). Present—Kehoe, J.P., Gorski, Martoche, Smith and Hayes, JJ.