THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW R. DECKER, Appellant. [805 NYS2d 751]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 26, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the fourth degree and criminal possession of a controlled substance in the seventh degree (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of marihuana in the fourth degree (§ 221.15) and five counts of criminal possession of a controlled substance in the seventh degree (§ 220.03), defendant contends that Supreme

Court erred in refusing to suppress a statement that he made to police officers before he was advised of his *Miranda* rights. We reject that contention. As the court properly determined, the statement at issue was merely defendant's response to a question by the police regarding which key on the key ring opened the door to defendant's apartment. That question was not designed to invoke an incriminatory response from defendant (*see People v Boyd*, 21 AD3d 1428 [2005]; *see generally Rhode Island v Innis*, 446 US 291, 300-301 [1980]). In any event, the police had obtained a search warrant for defendant's apartment and would have entered the apartment legally even in the absence of defendant's response. Contrary to the further contention of defendant, the court did not abuse its discretion in denying his request for a continuance to review discovery materials (*cf. People v Spina*, 275 AD2d 902, 904 [2000], *lv denied* 95 NY2d 969 [2000]; *see generally People v Singleton*, 41 NY2d 402, 405 [1977]). Finally, defendant failed to preserve for our review his contention concerning the court's supplemental instruction to the jury (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Green, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.