THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARDEL MORALES, Appellant. [807 NYS2d 142]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (D'Emic, J.), rendered June 12, 2002, convicting him of arson in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The standard for analyzing whether a statement made prior to the administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) was the product of custodial interrogation is whether a reasonable person, innocent of any crime, would have thought that he or she was free to leave the presence of the police (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]; *see also People v Centano*, 76 NY2d 837; *People v Boyle*, 239 AD2d 512 [1997]). Applying this standard and considering all of the relevant circumstances, we find that an innocent person in the defendant's position would not have believed that he or she was free to leave while being questioned by fire marshals about a suspected arson. Accordingly, the hearing court should have suppressed the inculpatory statements that the defendant made to the fire marshals before he was advised of his constitutional rights (*see People v Vachet*, 5 AD3d 700 [2004]; *People v Macklin*, 202 AD2d 445 [1994]). Moreover, since there was no definite, pronounced break between the statements that preceded the *Miranda* warnings and the additional statements that the defendant made immediately after the fire marshals advised him of his rights, all of the defendant's statements to the fire marshals should have been suppressed (*see People v Bethea*, 67 NY2d 364 [1986]; *People v Chapple*, 38 NY2d 112 [1975]; *People v Vachet, supra; People v Rifkin*, 289 AD2d 262 [2001]).

However, we reject the defendant's contention that the hearing court should also have suppressed the videotaped confession that he subsequently gave to law enforcement officials. The videotaped confession, which the defendant made approximately 14 hours after all questioning by the fire marshals came to an end, and after *Miranda* warnings had again been administered, was sufficiently attenuated to remove any taint from the earlier questioning (*see People v Vachet, supra; People v Rifkin, supra; People v James*, 253 AD2d 438 [1998]; *People v Schultz*, 187 AD2d 466 [1992]), and was thus properly admitted at trial. In light of the overwhelming evidence of the defendant's guilt, including the videotaped confession, the error in failing to suppress his earlier statements to the fire marshals was harmless (*see People v Vachet, supra; People v Thompson*, 296 AD2d 513 [2002]; *People v Rifkin, supra*).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.