■ The People of the State of New York, Respondent, v Carlos Celleri, Also Known as Carlos Celleriegas, Appellant. [814 NYS2d 270]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered October 21, 2002, as amended October 31, 2002, convicting him of rape in the first degree, burglary in the second degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements to law enforcement officials.

Ordered that the judgment, as amended, is affirmed.

The defendant's conviction stems from the rape of a young woman who rented an apartment from him in a multi-family residence. After the assault, the complainant ran to a neighbor's apartment for assistance, and the police were summoned. The officers who responded to the residence conducted a preliminary investigation, placed the defendant in handcuffs, and transported him to the precinct. At the precinct, prior to the administration of *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]), the defendant made several inculpatory statements to a detective during the course of a 20 to 25 minute conversation that began at about 11:00 A.M. After the detective advised the defendant of his constitutional rights at about 11:45 A.M., the defendant made additional inculpatory statements. Al-

though the hearing court suppressed the statements which the defendant had made at the precinct prior to the administration of *Miranda* warnings, it found that the statements he made after being advised of his rights were voluntary and admissible.

On appeal, the defendant contends that the hearing court erred in refusing to suppress the inculpatory statements he made after being advised of his constitutional rights because they were tainted by the prior unwarned statements. We agree. Where, as here, a defendant in custody has made inculpatory statements without the benefit of *Miranda* warnings, statements made after the administration of *Miranda* warnings are admissible only if there is a definite, pronounced break in questioning sufficient to return the defendant to the status of one who is not under the influence of questioning (*see People v Paulman*, 5 NY3d 122 [2005]; *People v Bethea*, 67 NY2d 364 [1986]; *People v Chapple*, 38 NY2d 112 [1975]). Here, considering, inter alia, the relatively brief time differential between the *Miranda* violation and the subsequent statements, the fact that the defendant remained continuously in the presence of the detective who elicited both sets of statements, and the fact that the statements were all made in the same location, we cannot conclude that there was a definite pronounced break between the statements that preceded the *Miranda* warnings and the additional statements made by the defendant immediately after he was advised of his rights (*see People v Bethea, supra; People v Chapple, supra; People v Morales*, 25 AD3d 624 [2006], *lv denied* 6 NY3d 815 [2006]; *People v Vachet*, 5 AD3d 700 [2004]; *People v Rifkin*, 289 AD2d 262 [2001]). Accordingly, the hearing court should have suppressed the statements made after the administration of *Miranda* warnings.

However, reversal is not required inasmuch as at trial, the People presented overwhelming proof of the defendant's guilt, including testimony regarding the complainant's prompt outcry, medical evidence of the physical injuries suffered by the complainant during the assault, and forensic evidence which established that semen stains on the complainant's sheets matched the defendant, and that her DNA was present on the underwear that the defendant had worn both before and after the rape. In light of this overwhelming evidence, the erroneous admission of the statements made by the defendant after the administration of *Miranda* warnings was harmless error (*see People v Paulman, supra; People v Morales, supra; People v Vachet, supra; People v Thompson*, 296 AD2d 513 [2002]; *People v Rifkin, supra*).

Contrary to the defendant's contention, the trial court

providently exercised its discretion in making its *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]). The defendant's prior convictions arising from violations of orders of protection demonstrated a willingness to place the advancement of his self-interest ahead of the interests of society (*see People v Williams,* 256 AD2d 661 [1998]), and the trial court's ruling struck a proper balance between the probative value of the defendant's prior convictions on his credibility and the possible prejudice to him (*see People v Garrett,* 23 AD3d 579 [2005], *lv denied* 6 NY3d 776 [2006]; *People v Dahlbender,* 23 AD3d 493 [2005], *lv denied* 6 NY3d 832 [2006]; *People v Anthony,* 21 AD3d 903 [2005], *lv denied* 6 NY3d 773 [2006]).

The contentions raised in points "C" and "E" of the defendant's brief are unpreserved for appellate review, and his remaining contentions are without merit. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.