■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO WASHINGTON, Appellant. [813 NYS2d 724]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered April 28, 2004, convicting defendant, after a nonjury trial, of conspiracy in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established that defendant and his coconspirators entered into an agreement to kill defendant's rival for a specific price, with the killing to take place after certain contingencies had occurred. Defendant expected these contingent events to take place within a short time, and the fact that he insisted the killing be deferred until after their occurrence neither negated the existence of a conspiracy (*see People v Caban*, 5 NY3d 143 [2005]; *United States v Palmer*, 203 F3d 55, 63-64 [1st Cir 2000], *cert denied* 530 US 1281 [2000]), nor established the defense of renunciation (*see* Penal Law § 40.10; *People v Taylor*, 80 NY2d 1 [1992]). Throughout the various conversations among the conspirators, the agreement to kill the intended victim remained firm, notwithstanding that defendant wanted the killing postponed. The evidence also established numerous overt acts in furtherance of the agreement, including steps taken to enable the hired

killer to locate and identify the intended victim (*see e.g. People v Rolle*, 282 AD2d 624 [2001], *lv denied* 97 NY2d 643 [2001]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Saxe, Nardelli, Gonzalez and Catterson, JJ.