Matter of Vincent R. (2006 NY Slip Op 26518)

Matter of Vincent R.

2006 NY Slip Op 26518 [14 Misc 3d 760]

December 18, 2006

DiDomenico, J.

Family Court, Richmond County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 21, 2007

[*1]
In the Matter of Vincent R., a Person Alleged to be a Juvenile Delinquent, Respondent.
Family Court, Richmond County, December 18, 2006

APPEARANCES OF COUNSEL

Michael A. Cardozo, Corporation Counsel, Staten Island (Lisa Donovan of counsel), for presentment agency. Robert DePalma, Staten Island, Law Guardian.

OPINION OF THE COURT

Catherine M. DiDomenico, J.
On May 25, 2006, the presentment agency filed a petition alleging that the respondent, on or about April 19, 2006, committed acts, which if committed by an adult, would constitute the crimes of arson, criminal mischief and reckless endangerment of property. The respondent, with his mother and law guardian, appeared on May 26, 2006 and was arraigned on these charges. This matter proceeded to fact-finding on August 11, 2006, August 21, 2006, September 8, 2006, and October 10, 2006. The presentment agency called Fire Marshal Michael F. and two other witnesses who testified as to the amount of property damage allegedly sustained as a result of the subject fire. Respondent did not testify at the fact-finding hearing.
The presentment agency concedes that the only evidence presented at fact-finding identifying this 12-year-old respondent as the alleged perpetrator of the fire at issue is the respondent's statement given to the fire marshal on the date of the incident. Respondent argues that his statement was involuntarily made because, as the presentment agency concedes, respondent was not given his Miranda warnings before an incriminating statement was elicited from him. (See Miranda v Arizona, 384 US 436 [1966].) The presentment agency argues that respondent's statement was voluntary since there was no evidence of coercion or threats on the part of the fire marshal and promises were not made in exchange for the incriminating [*2]admission. The presentment agency further argues (i) that Miranda warnings were not required because respondent was not in custody at the time his statement was made, and (ii) that the questioning was solely for the purposes of investigating the fire.
The court notes that a pretrial Huntley hearing was not requested by the respondent in this case. However, as acknowledged by the presentment agency, the failure to seek such a pretrial hearing does not preclude an analysis as to the voluntariness of respondent's statement. Rather the court must proceed to determine the voluntariness of the respondent's statement based on the testimony at the fact-finding hearing. (See Matter of Paul QQ., 256 AD2d 751 [3d Dept 1998] [in juvenile delinquency proceeding, the presentment agency has the burden of establishing beyond a reasonable doubt the voluntariness of juvenile's statement]; see also Matter of Daniel Richard D., 27 NY2d 90, 95 [1970].)
For the reasons set forth below, this court finds that this respondent was in custody at the time his statement was elicited, and therefore, the failure to provide him with Miranda warnings prior to the taking of his statement renders his statement not voluntarily made. Accordingly, since respondent's statement is the only evidence offered by the presentment agency linking this respondent to the fire which forms the basis of the charges herein, the allegations in the petition are dismissed as not having been proven beyond a reasonable doubt at trial.

Factual Findings

After considering the testimony of the witnesses, and assessing their credibility, the court makes the following factual findings after trial:
On April 19, 2006, Fire Marshal Michael F. was assigned to investigate a fire at 30 Giffords Lane. The fire allegedly broke out at around 4:53 p.m. Fire Marshal F. arrived at the scene at approximately 7:15 p.m. He observed two patrol cars parked in front of the location and several police officers in the area. One police officer told Fire Marshal F. that they "got him for the fire," a reference Fire Marshal F. understood to be to the respondent. At this time, respondent was already seated in a police car. The respondent's mother was standing a few feet away. Over an hour later, at approximately 8:30 p.m., Fire Marshal F. informed the police officer guarding respondent that he was going to remove the respondent from the patrol car for questioning. By that time, respondent had remained without his mother in the patrol car for at least 75 minutes.
Fire Marshal F. led respondent and his mother to the entranceway of a nearby train station and proceeded to question the respondent about the fire. Specifically, Fire Marshal F. asked respondent what he knew about the fire. Respondent stated that he took some leaves and sticks and lit them on fire. When the questioning ceased, Fire Marshal F. put respondent back in the police car. Police immediately transported respondent to the juvenile detention room at the 122nd Precinct. Respondent was subsequently arrested.
[*3]
The presentment agency concedes that at no time did Fire Marshal F. advise this 12-year-old respondent or his mother of respondent's Miranda rights. In addition, Fire Marshal F. did not inquire whether Miranda warnings had ever been given to respondent at any other point that evening.

The Applicable Law

Evidence of a written or oral confession is not admissible if it was involuntarily made. (See Family Ct Act § 344.2 [1].) Pursuant to section 344.2 (2) (a) of the Family Court Act, a confession is involuntarily made when it is obtained by any person by use or threatened use of force, or by any other means of improper conduct that impairs such person's judgment, or when it is obtained from a public servant engaged in law enforcement activity in violation of a person's constitutional rights. (Family Ct Act § 344.2 [2] [b] [ii].)
A fire marshal must give Miranda warnings to an individual who is the subject of custodial interrogation. (People v Morales, 25 AD3d 624 [2d Dept 2006].) Since in this case there is no dispute that Miranda warnings were not given to respondent, the court must determine whether or not this respondent was in custody at the time his statement was elicited by Fire Marshal F.
In determining whether a respondent's statement made prior to the administration of Miranda warnings was the product of custodial investigation, the court must consider whether "a reasonable person, innocent of any crime, would have thought that he or she was free to leave the presence of the police." (People v Morales, 25 AD3d at 625.) The determination of this issue does not depend on the subjective perception of the particular respondent. Rather, the standard to be applied is an objective one (i.e. what a "reasonable" person in the respondent's position would have believed respecting his or her circumstances). (Matter of Robert H., 194 AD2d 790 [2d Dept 1993].)
The court finds that a reasonable 12 year old would have believed that he was not free to leave the presence of the police at the time this respondent was questioned. At the time his statement was elicited, respondent had been detained by police, separated from his mother, for at least one hour and 15 minutes. The only time respondent was permitted to leave the police car was when the fire marshal removed respondent from the patrol car for the purpose of questioning him. Indeed, when asked at trial, Fire Marshal F. stated that he believed respondent was in custody and he was not free to leave. Clearly, if Fire Marshal F., with 12 years of law enforcement experience, believed respondent was in custody, then a reasonable 12 year old may be found to have similarly perceived these circumstances.
Having found respondent to have been in custody at the time his statement was elicited, and there being no dispute that Miranda warnings were not given prior to the statement being [*4]elicited, this court finds that the presentment agency failed to establish beyond a reasonable doubt the voluntariness of respondent's statement. Accordingly, as the presentment agency concedes that it presented no further evidence identifying the respondent as the alleged perpetrator of the fire, the petition is dismissed.