■ The People of the State of New York, Respondent, v Victor Santos, Appellant. [832 NYS2d 582]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered May 25, 2005, convicting him of conspiracy in the second degree (two counts) and criminal solicitation in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was accused of conspiring with another individual to kill a third person who was involved with the defendant's ex-girlfriend. During the course of the conspiracy, the co-conspirator became an informant for the police and cooperated with the investigation and prosecution of the defendant.

The hearing court properly declined to suppress the defendant's statements to police, since, contrary to the defendant's contention, the defendant was not subjected to interrogation before being advised of his rights (*see People v Howard*, 60 NY2d 999, 1001 [1983]; *People v Davis*, 32 AD3d 445, 446 [2006], *lv denied* 7 NY3d 924 [2006]; *People v Boyd*, 21 AD3d 1428, 1429 [2005]; *People v Morgan*, 277 AD2d 331 [2000]). Any statements uttered by the defendant after the administration of *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) were a product of a knowing waiver (*see People v Morgan, supra*).

Testimony that the defendant previously threatened the intended victim with a knife was properly admitted into evidence at trial for the purpose of establishing the defendant's motive and intent with respect to the crimes charged (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Gorham*, 17 AD3d 858, 860 [2005]; *People v Kampshoff*, 53 AD2d 325, 334 [1976], *cert denied* 433 US 911 [1977]). Additionally, the admission into evidence of taped recordings of the defendant and a coconspirator, in furtherance of and during the course of the conspiracy, was proper as part of the res gestae (*see People v Rastelli*, 37 NY2d 240, 244 [1975], *cert denied* 423 US 995 [1975]) even where, as here, the coconspirator was an undercover informant (*see People v Rolle*, 282 AD2d 624 [2001]; *People v Bongarzone*, 116 AD2d 164, 171 [1986], *affd* 69 NY2d 892 [1987]).

The trial court properly declined the defendant's request to charge the jury with the affirmative defense of entrapment since no reasonable view of the evidence supported the defense (*see* Penal Law § 40.05; *People v Butts*, 72 NY2d 746, 750 [1988]; *People v Skervin*, 17 AD3d 771, 772 [2005]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The sentence imposed was not excessive (*see* CPL 470.15 [2] [c]; [6] [b]; CPL 470.20 [6]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.