THIRD DEPARTMENT, JULY, 2007

(July 5, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND A. WARD, Appellant. [839 NYS2d 303]—

Kane, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered March 29, 2006, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts) and endangering the welfare of a child.

When defendant and his girlfriend brought her five-week-old child to the hospital, medical personnel suspected that the child

had been abused. Testing revealed two fractures to the child's arm and 26 fractures to the child's 24 ribs. In the course of questioning by a State Police investigator, defendant made admissions that he squeezed the child's chest and bent his arm back. A grand jury indicted him on five counts: two counts of assault in the second degree related to the child's broken arm, two counts of assault in the second degree related to the broken ribs and endangering the welfare of a child. Following a *Huntley* hearing, County Court denied defendant's motion to suppress his statement. At trial, the jury acquitted defendant of the counts related to the child's arm, but convicted him of the remaining three counts. Defendant appeals.

County Court did not err in denying defendant's suppression motion. Although defendant's hearing testimony addressed several circumstances that would render his statement inadmissible, the court specifically found the investigator's contrary version of events more credible. The investigator testified that he was dressed in plain clothes and not armed when he questioned defendant in the hospital's family room, which was not locked from the inside, and defendant was never restrained. *Miranda* warnings were not provided initially, when the investigator asked basic questions such as pedigree information and how the child could have been injured (*see People v Marx*, 305 AD2d 726, 727 [2003], *lv denied* 100 NY2d 596 [2003]), but the warnings were given to defendant when he began to give explanations for the child's injuries which seemed untenable. Defendant read and initialed each paragraph of the *Miranda* warnings (*see People v Kuklinski*, 24 AD3d 1036, 1036 [2005], *lvs denied* 7 NY3d 758, 814 [2006]). He also signed each page of his written statement, made and initialed changes, and added comments at the end in his own handwriting. The investigator testified that he never promised defendant any sentence nor threatened that the child would be removed from his girlfriend's care, and defendant never requested an attorney (*see People v Huntley*, 259 AD2d 843, 845-846 [1999], *lv denied* 93 NY2d 972 [1999]). Granting deference to the court's credibility determinations, the totality of the circumstances support its holding that defendant was not subjected to a custodial interrogation, he was advised of and effectively waived his rights, and his statement was voluntary, not coerced (*see People v Centano*, 76 NY2d 837, 838 [1990]; *People v Kreydatus*, 305 AD2d 935, 936 [2003], *lv denied* 100 NY2d 595 [2003]). Additionally, the investigator's trial testimony, though more extensive than his hearing testimony, was not contradictory to his earlier testimony, thus not requiring the court to reopen the hearing or reconsider its decision.

Defendant failed to preserve his argument that the two assault counts related to the rib fractures were duplicitous (*see People v Brammer [Tex]*, 189 AD2d 885, 885 [1993], *lvs denied* 81 NY2d 967, 977 [1993]; *see also People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). Although he raised the duplicity argument with respect to the counts based on the arm fractures, challenged the rib fracture counts on other grounds and argued duplicity in his posttrial motion, none of these measures preserved the duplicity argument that he raises on appeal. Defendant also failed to preserve his challenge to the alleged inadequacy of the prosecutor's opening statement, which would have been accomplished by objecting immediately after the opening, when the court could have informed the prosecutor and provided an opportunity to rectify any defect (*see People v Kurtz*, 51 NY2d 380, 386 [1980], *cert denied* 451 US 911 [1981]). In any event, the opening was sufficient. Defendant's allegations of prosecutorial misconduct are similarly unpreserved and, if preserved, would not merit reversal. We decline to exercise our interest of justice jurisdiction with respect to any of defendant's unpreserved contentions.

The medical evidence, the testimony of defendant's girlfriend and defendant's written statement provided legally sufficient evidence to establish all elements of the charged crimes. Viewing the evidence in a neutral light and deferring to the jury's credibility determinations, the verdict was not against the weight of the evidence.

We have reviewed defendant's remaining contentions and find them unpersuasive.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.