■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN MARQUEZ, Appellant. [866 NYS2d 114]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J., at hearing; Caesar Cirigliano, J., at jury trial and sentence), rendered January 16, 2004, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of 12 years, unanimously affirmed.

Defendant did not preserve his challenge to the sufficiency of the evidence and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The evidence established that the weapon at issue was a firearm within the meaning of Penal Law § 265.00 (3). Furthermore, counsel's failure to raise this issue did not deprive defendant of effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

The court properly denied defendant's motion to suppress his statements. Initially, we find no merit to defendant's right to counsel claim. There was a brief communication between defendant and a detective concerning a pending federal matter in which defendant was represented. The federal case was unrelated to the instant case, the detective did not ask defendant any questions about either case, and there was clearly no exploitation of the federal case to obtain defendant's confession within the purview of *People v Cohen* (90 NY2d 632, 638-642 [1997]). With regard to defendant's remaining claim, the record establishes that neither of the detectives who spoke to defendant prior to the second detective's administration of *Miranda* warnings engaged in any interrogation or its functional equivalent (*see Rhode Island v Innis*, 446 US 291, 300-301 [1980]; *People v Boyd*, 21 AD3d 1428 [2005], *lv denied* 6 NY3d 773 [2006]). Furthermore, we conclude that defendant's post-*Miranda* statements were admissible in any event (*see People v White*, 10 NY3d 286 [2008]).

The trial court delivered a sufficient jury instruction on the issue of the voluntariness of defendant's confession. Since the trial evidence failed to raise a factual dispute as to whether *Miranda* warnings were given, the court properly declined to submit that issue to the jury (*see People v Cefaro*, 23 NY2d 283, 288-289 [1968]). Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.