(December 11, 2008)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVANTE BAGGETT, Appellant. [868 NYS2d 423]—

Kane, J.

Defendant was charged in connection with several burglaries. After County Court denied his motion to suppress four written statements and one audio recording wherein he admitted to these crimes, a jury convicted defendant of burglary in the second degree (five counts) and grand larceny in the fourth degree (two counts). Defendant was sentenced to prison terms of 7$^{1}/_{2}$ years on each burglary conviction and 1$^{1}/_{3}$ to 4 years on each grand larceny conviction, all sentences to run concurrently. He now appeals.

Defendant's main argument urging suppression is that his first incriminating statement was made in response to police questioning prior to the administration of *Miranda* warnings, and that all further statements were tainted by this allegedly

improper questioning. *Miranda* warnings are required when a suspect is subject to custodial interrogation (*see People v Paulman*, 5 NY3d 122, 129 [2005]; *People v Berg*, 92 NY2d 701, 704 [1999]). To determine if a person was in custody, courts must evaluate the circumstances and decide "whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" at the time that the statement was made (*People v Paulman*, 5 NY3d at 129; *see People v Burry*, 52 AD3d 856, 859 [2008], *lv dismissed* 10 NY3d 956 [2008]). The People bore the initial burden of proving beyond a reasonable doubt that defendant's statements were voluntary (*see People v Rosa*, 65 NY2d 380, 386 [1985]; *People v Huntley*, 15 NY2d 72, 78 [1965]). Here, this required proof that defendant was not subjected to custodial interrogation before *Miranda* warnings were administered.

Even giving deference to the suppression court's credibility determinations (*see People v Ward*, 42 AD3d 579, 580 [2007], *lv denied* 9 NY3d 883 [2007]; *People v Langenbach*, 38 AD3d 1105, 1105 [2007], *lv denied* 9 NY3d 866 [2007]), the People did not meet their burden. A reasonable, innocent person would not have felt free to leave at the time that defendant made his first incriminating statement. According to the hearing testimony credited by County Court, shortly after midnight a police car with its lights on pulled over the car that defendant was riding in, despite the driver not having committed any traffic violations. Defendant was asked to exit the vehicle and accompany the officers to the police station, while his ride was sent on its way. Defendant was not handcuffed, but was transported in a marked police car.\* At the station, he was placed in an interview room, where he sat for a period of time before being questioned. The door was closed when questioning ensued. An officer told defendant what information they had, including an accusation against defendant by his associate. After defendant denied having stolen anything, the police continued to question him. According to one police officer, when he inquired what defendant's friend would say about a particular stolen bicycle, defendant "eventually admitted to it . . . [t]o taking the bike." At that time, questioning ceased and did not resume until after *Miranda* warnings were administered at 2:17 A.M.

---

\* Although our review of County Court's suppression decision is based only on the evidence introduced at the suppression hearing, we note that at trial the officer in charge of the investigation testified that he did not transport defendant to the police station because he did not have a secure vehicle. Rather, defendant was placed in a second police vehicle equipped with a back seat cage and doors that could not be opened from the inside. Defense counsel did not seek to reopen the evidence on the suppression motion based upon this testimony.

The questions which led defendant to make his first admission were accusatory in nature, rather than merely investigatory, and were designed to elicit an incriminating response (*see People v Payne*, 41 AD3d 512, 513 [2007], *lv denied* 10 NY3d 814 [2008]; *People v Vachet*, 5 AD3d 700, 701-702 [2004], *lv denied* 3 NY3d 649 [2004]; *People v Hardy*, 223 AD2d 839, 841 [1996]). Considering the circumstances from defendant's initial interaction with the police through the accusatory questioning that led to his first admission, an innocent person would not have felt free to leave even prior to that admission (*see People v Paulman*, 5 NY3d at 129; *People v Payne*, 41 AD3d at 513-514; *People v Vachet*, 5 AD3d at 702). Thus, defendant was subjected to custodial interrogation when he made his first incriminating statement. Although *Miranda* warnings were given before his subsequent statements were made, those statements were tainted by the prior admission and there was no significant break in the questioning (*see People v Payne*, 41 AD3d at 513-514; *People v Durrin*, 32 AD3d 665, 668 [2006]; *People v Vachet*, 5 AD3d at 702). Because the questioning constituted one continuous chain of events, defendant was entitled to have all of his statements suppressed (*see id.*; *cf. People v Paulman*, 5 NY3d at 130).

Based upon our reversal, we need not address defendant's remaining contentions.

Mercure, J.P., Spain, Carpinello and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.