■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMARIS GLANTON, Appellant. (Appeal No.1.) [899 NYS2d 504]—

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), rendered May 30, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the motion seeking to suppress defendant's statements is granted and the matter is remitted to Wayne County Court for further proceedings on the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to the contention of defendant, County Court did not err in denying that part of his motion seeking to suppress physical evidence obtained during a search of his person. Defendant correctly concedes that the officer in fact had probable cause to do so (*see generally People v Chestnut*, 43 AD2d 260, 261-262 [1974], *affd* 36 NY2d 971 [1975]; *People v Black*, 59 AD3d 1050, 1051 [2009], *lv denied* 12 NY3d 851 [2009]), and we conclude under the circumstances of this case that the limited intrusion of the officer in reaching underneath defendant's clothing did not render the scope of the search unreasonable (*see People v Butler*, 27 AD3d 365, 369 [2006], *lv dismissed* 6 NY3d 893 [2006]; *cf. People v Mitchell*, 2 AD3d 145, 147-148 [2003]).

We agree with defendant, however, that the court erred in denying that part of his motion seeking to suppress statements that he made to the police. As the People candidly concede, defendant's initial statements were the product of custodial interrogation and were made before defendant received *Miranda* warnings (*see People v Morales*, 25 AD3d 624, 625 [2006], *lv denied* 6 NY3d 815 [2006]). The People contend, however, that defendant's subsequent statements to the police, made after defendant waived his *Miranda* rights, were attenuated from the initial statements and thus were not tainted by those initial statements that were illegally obtained (*see People v Samuels*, 11 AD3d 372, 372-373 [2004], *lv denied* 4 NY3d 802 [2005]; *see generally People v Bethea*, 67 NY2d 364, 367-368 [1986]). The People failed to raise that contention before the suppression court, however, and it therefore is not properly before us (*see generally People v Morales*, 292 AD2d 253, 254 [2002]). In any event, we conclude that the People's contention is without merit (*see Morales*, 25 AD3d at 625; *cf. Samuels*, 11 AD3d at 372-373). We therefore conclude that the plea in appeal No. 1 must be

vacated "[i]nasmuch as the erroneous suppression ruling may have affected defendant's decision to plead guilty" (*People v Flowers*, 59 AD3d 1141, 1143 [2009]; *see generally People v Grant*, 45 NY2d 366, 379-380 [1978]).

Further, the record establishes that the plea agreement in appeal No. 1 was contingent upon defendant's plea of guilty to one count of the indictment at issue in that appeal and to one count of the indictment at issue in appeal No. 2. Thus, the plea in appeal No. 2 must be vacated as well (*see generally People v Fuggazzatto*, 62 NY2d 862 [1984]), and both matters remitted to County Court for further proceedings on the indictments. Present—Scudder, P.J., Sconiers, Green and Gorski, JJ.