People v Morales (2020 NY Slip Op 03613)





People v Morales


2020 NY Slip Op 03613


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


11711 5578/13

[*1] The People of the State of New York, Respondent,
v
Felix Morales, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J. at suppression hearing; Maxwell Wiley, J. at nonjury trial and sentencing), rendered July 7, 2016, of robbery in the second degree (two counts), strangulation in the second degree and grand larceny in the fourth degree (four counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
The hearing court properly determined that defendant's videotaped statement at the District Attorney's Office was attenuated from earlier statements that the court had suppressed after finding a Miranda violation. The taint of the Miranda violation was dissipated by the brevity of the statement defendant made without Miranda warnings, the passage of time (at least 45 minutes, even if measured only from the departure from the precinct to the beginning of the video statement), the change of location, the administration of a second set of Miranda warnings by a new interrogator, the minimal involvement in the interrogation by the detective who had questioned defendant at the precinct, and the general absence of coercive circumstances (see e.g. People v White, 10 NY3d 286 [2008], cert denied 555 US 897 [2008]; People v Davis, 106 AD3d 144, 152-155 [1st Dept 2013], lv denied 21 NY3d 1073 [2013]; People v Samuels, 11 AD3d 372 [1st Dept 2004], lv denied 4 NY3d 802 [2005]).
Any error in precluding counsel from impeaching a detective about allegations made in a lawsuit was harmless, in light of the overwhelming evidence of guilt, from multiple sources not dependent on this detective's testimony (see People v Crimmins, 36 NY2d 230 [1975]). Moreover, the court, sitting as trier of fact in this nonjury trial, was made aware of the allegations against the detective. As for the other lawsuit discussed by defendant on appeal, trial counsel affirmatively waived any use of that lawsuit for impeachment.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK