People v Escue (2023 NY Slip Op 51303(U))

[*1]

People v Escue (Jay)

2023 NY Slip Op 51303(U)

Decided on November 30, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 30, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

19-134

The People of the State of New York, Respondent, 
against
Jay Escue, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered April 23, 2018, convicting him, upon a plea of guilty, of driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered April 23, 2018, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The stop of defendant's vehicle was justified by the police officer's observation of a broken headlight, a violation of Vehicle and Traffic Law § 375(2)(a)(1) (see People v Hinshaw, 35 NY3d 427 [2020]; People v Clemente, 195 AD2d 300 [1993], lv denied 82 NY2d 715 [1993]).
The police also had reasonable suspicion to stop the vehicle based upon a radio transmission indicating that a gray, four-door Chrysler 300, with a missing headlight and snow on the roof, was being driven south on Third Avenue by a possibly intoxicated individual, who had waved a knife during an argument. Defendant's vehicle, which matched the description, was observed in close geographical and temporal proximity to the reported crime (see People v Ceruti, 133 AD3d 610, 611 [2015], lv denied 26 NY3d 1143 [2016]). 
In response to defendant's challenge to the reliability of the information received over the radio transmission, the People established that "the officer ... imparting the information, in fact possessed the probable cause to act" (People v Rosario, 78 NY2d 583, 588 [1991], cert denied 502 US 1109 [1992]; see People v Ketcham, 93 NY2d 416, 420 [1999]). Here, the officer who transmitted the radio information credibly testified at the suppression hearing that, after receiving a call about a dispute with a knife at East 11th Street and Third Avenue, he went to the location and was informed by an identifiable individual, who had previously worked in his precinct as a confidential informant, that a possibly intoxicated man had displayed a knife during an argument, before driving south on Third Avenue in a gray, four-door Chrysler 300, which had a broken headlight and snow on the roof (see People v Taylor, 61 AD3d 537 [2009], lv denied 13 NY3d 750 [2009]). Given the short passage of time and relatively detailed description, the officer could have reasonably concluded that the information was based upon the informant's personal knowledge (see People v Herold, 282 AD2d 1, 7 [2001], lv denied 97 NY2d 682 [20012]; see also People v Letriz, 103 AD3d 446 [2013], lv denied 21 NY3d 1006 [2013]; People v Phillips, [*2]120 AD2d 621 [1986]; cf. People v Bigelow, 66 NY2d 417, 424 [1985] ["informant's statements did not describe defendant's activities with sufficient particularity to warrant an inference of personal knowledge"]). "The mere fact that the identified informant had provided the police with information in the past did not strip him of his citizen-informant status. Nor is there any indication in the record that he was paid for the information or solicited in any way to assist the police" (People v Rodriguez, 135 AD2d 755, 756 [1987], lv denied 71 NY2d 902 [1988]).
The court also properly denied defendant's motion to suppress his post-Miranda statements. Defendant's 6:37 a.m. statement was attenuated from an earlier statement that the court had suppressed based upon a Miranda violation. The taint of the Miranda violation was dissipated by the brevity of the statement defendant made without Miranda warnings, the passage of time (two hours), the administration of Miranda warnings by a new interrogator, and the general absence of coercive circumstances (see e.g. People v White, 10 NY3d 286 [2008], cert denied 555 US 897 [2008]; People v Morales, 184 AD3d 532 [2020], lv denied 35 NY3d 1114 [2020]; People v Davis, 106 AD3d 144, 152-155 [2013], lv denied 21 NY3d 1073 [2013]; People v Samuels, 11 AD3d 372 [2004], lv denied 4 NY3d 802 [2005]). The court also properly declined to suppress defendant's spontaneous and voluntary statement to the police at the precinct approximately one hour later, which was not the result of an interrogation, that he had been "celebrating" with friends; that he drank "Hennessy" (which he kept in his car) and was "drinking too much" that evening when he encountered the complainant and pulled out a knife; and that he was "upset that this was happening" (see People v Grant, 96 AD3d 779, 780 [2012], lv denied 19 NY3d 1026 [2012]). 
We also have no basis to disturb the suppression court's finding that, although defendant was intoxicated, he knowingly and voluntarily waived his Miranda warnings since, by the time defendant furnished his statements, his condition had improved and he was fully aware of what was transpiring (see People v Morales, 210 AD2d 173 [1994], lv denied 84 NY2d 1035 [1995]). 
Defendant's contention that the results of the breathalyzer test should have been suppressed is without merit, since he expressly and voluntarily consented to the administration of the test (see People v Atkins, 85 NY2d 1007, 1008—1009 [1995]). The two hour limitation contained in Vehicle and Traffic Law § 1194 "does not apply where the defendant expressly and voluntarily consents to the administration of the breath test" (People v Marietta, 61 AD3d 997, 998 [2009]). Any warning that police gave defendant - that his license would be suspended if he refused the test - "was correct ... [and] [p]roviding that warning to [defendant] even after expiration of the two hour period, does not constitute coercion, and does not render [his] subsequent consent involuntarily given" (People v Odum, 31 NY3d 344, 354 [2018 Wilson, J., concurring]; see Matter of Endara-Caicedo v New York State Dept. of Motor Vehicles, 38 NY3d 20 [2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 30, 2023