People v Rochester (2025 NY Slip Op 00640)

People v Rochester

2025 NY Slip Op 00640

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 1844/13 Appeal No. 3618 Case No. 2016-01459 

[*1]The People of the State of New York, Respondent,
v
Marquise Rochester, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Ethan Solomon of counsel), for respondent.

Judgment, Supreme Court, New York County (Patricia J. Nunez, J., at suppression hearing; Maxwell Wiley, J., at plea and sentencing), rendered January 13, 2016, convicting defendant of attempted burglary in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant did not validly waive his right to appeal. The court's oral colloquy, even considered in light of the written waiver, did not establish that defendant had a "full appreciation of the consequences" of the waiver (People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US —, 140 S Ct 2634 [2020] [internal quotation marks omitted]). The court did not make clear that the right to appeal is separate and distinct from the trial rights defendant was waiving by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]), and insufficiently apprised defendant that a waiver of the right to appeal is "not an absolute bar to direct appeal and that some issues are nonwaivable" (People v Cisse, 228 AD3d 440, 441 [1st Dept 2024]).
On the merits, the court properly determined that defendant's statement at the precinct following administration of Miranda warnings, more than three hours after his last inadmissible statement, was sufficiently attenuated from his earlier statements to be admissible (see People v Paulman, 5 NY3d 122, 130-131 [2005]; People v Samuels, 11 AD3d 372, 372 [1st Dept 2004], lv denied 4 NY3d 802 [2005]). Defendant's post-Miranda statement was made at a different location, and to a different officer, than his earlier statements. Further, "the circumstances surrounding the Miranda violation" (Paulman, 5 NY3d at 130), in which the officer asked defendant a handful of questions in a nonthreatening manner, were not of the sort to indelibly taint any subsequent statement.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025