THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYSON MACK, Appellant. [853 NYS2d 764]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). Contrary

to defendant's contention, Supreme Court properly refused to suppress the handgun seized by the police from defendant's person as well as defendant's subsequent statements to the police. The record establishes that the officers had an articulable reason for approaching defendant and his two companions to conduct a common-law inquiry, i.e., they had "a founded suspicion that criminal activity [was] afoot" (*People v De Bour*, 40 NY2d 210, 223 [1976]). Specifically, the officers observed the three men standing on the sidewalk near two boarded up drug houses, and at least one of the three men was drinking from a large bottle wrapped in a brown paper bag, which was a possible violation of the open container ordinance of the City of Syracuse (*see generally People v Hollman*, 79 NY2d 181, 189-190 [1992]; *People v Hewitt*, 247 AD2d 552 [1998], *lv denied* 92 NY2d 880, 926 [1998]; *People v Muhammad*, 120 AD2d 937, 938 [1986]). The disproportionately frightened reaction of defendant upon seeing the uniformed officers approach, his refusal to remove his hand from his pocket despite the repeated demands of one of the officers that he do so, his conduct in walking toward that officer with his hand in his pocket, and the fact that the area in which the incident occurred was one in which violent crimes and shootings were common provided the officers with reasonable suspicion to believe that defendant posed a threat to their safety (*see People v Hensen*, 21 AD3d 172, 176 [2005], *lv denied* 5 NY3d 828 [2005]; *People v Robinson*, 278 AD2d 808, 809 [2000], *lv denied* 96 NY2d 787 [2001]; *People v Pettis*, 195 AD2d 421 [1993]). The officer toward whom defendant was walking thus was justified in grabbing defendant's elbow and in placing his hand over defendant's hand and pocket. In doing so, the officer felt the butt of a handgun, which led to the seizure of the loaded firearm from defendant's pocket. We conclude that the frisk was a "constitutionally justified intrusion designed to protect the safety of the officers" (*Robinson*, 278 AD2d at 809), and that the court properly refused to suppress the evidence seized as a result thereof, as well as defendant's ensuing statements. Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.