# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1016
KA 08-01205
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

DEVIN J. GLOVER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered December 17, 2007.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]).  Contrary to defendant's contention, County Court properly refused to suppress both the handgun seized by the police from defendant's person and defendant's subsequent statements to the police.  The record establishes that the officers were entitled to approach defendant to conduct a common-law inquiry because they had "a founded suspicion that criminal activity [was] afoot" (*People v De Bour*, 40 NY2d 210, 223).  According to the testimony of two police officers at the suppression hearing, they were traveling in a marked police vehicle when they observed defendant turn and whistle toward a group of males standing in an area known for drug sales, at which time the group immediately dispersed from the area (*see generally People v Williams*, 39 AD3d 1269, 1270, *lv denied* 9 NY3d 871; *People v Rivera*, 175 AD2d 78, 79-80, *lv denied* 78 NY2d 1129). The officers also testified that, upon exiting their vehicle and approaching defendant, he "refus[ed] to remove his hand from his pocket despite the repeated demands of . . . the officers that he do so" (*People v Mack*, 49 AD3d 1291, 1292, *lv denied* 10 NY3d 866). Defendant's conduct, along with the fact that a shooting had recently occurred in the area of the encounter, "provided the officers with reasonable suspicion to believe that defendant posed a threat to their safety" (*id.*; *see People v Robinson*, 278 AD2d 808, *lv denied* 96 NY2d 787; *see generally People v Hensen*, 21 AD3d 172, 176, *lv denied* 5 NY3d

828).  Thus, the frisk conducted by one of the officers at that time, as a result of which the officer discovered a loaded handgun in defendant's coat pocket, "was a 'constitutionally justified intrusion designed to protect the safety of the officers' . . ., and [we conclude] that the court properly refused to suppress the evidence seized as a result thereof, as well as defendant's ensuing statements" (*Mack*, 49 AD3d at 1292).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court