■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JONES, Appellant. [60 NYS3d 445]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered February 20, 2015, convicting him of kidnapping in the second degree, robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Neary, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court should have suppressed his statements to law enforcement officials as the product of custodial interrogation conducted without the benefit of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]). Here, even giving deference to the hearing court's credibility determinations (*see People v Baggett*, 57 AD3d 1093, 1094 [2008]), the court's conclusion that the defendant was not in police custody when he made his statements to the police is not supported by the record. The evidence presented at the suppression hearing established that a reasonable, innocent person would not have believed that he or she was free to leave the police station at the time the defendant made his oral statements (*see People v Yukl*, 25 NY2d 585, 589 [1969]; *People v Reardon*, 124 AD3d 681, 683-684 [2015]; *People v Tavares-Nunez*, 87 AD3d 1171, 1172 [2011]; *People v Payne*, 41 AD3d 512, 513 [2007]). Further, the hearing court erred in concluding that the defendant's inculpatory statements were admissible because they were spontaneous, and not the result of interrogation or its functional equivalent (*see People v Tavares-Nunez*, 87 AD3d at 1172; *cf. People v Rivers*, 56 NY2d 476 [1982]; *People v McClough*, 135 AD3d 880 [2016]; *People v Davis*, 32 AD3d 445 [2006]; *People v Harrison*, 251 AD2d 681 [1998]; *People v Pryor*, 194 AD2d 749 [1993]).

Although the defendant's statements, including his videotaped statement, should have been suppressed (*see People v Payne*, 41 AD3d at 513-514), the admission into evidence of these statements was harmless error (*see People v Crimmins*, 36 NY2d 230 [1975]). The proof of the defendant's guilt, without

reference to the improperly admitted statements, was overwhelming, and there is no reasonable possibility that the jury would have acquitted him had it not been for this constitutional error (*see People v Reardon*, 124 AD3d at 684; *People v Tavares-Nunez*, 87 AD3d at 1174-1175; *People v Payne*, 41 AD3d at 514).

Contrary to the People's contention, the defendant preserved for appellate review his contention that the County Court, after a mid-trial hearing, improperly denied his application to suppress physical evidence consisting of his cell phone (*see* CPL 470.05 [2]). However, the contention is without merit (*cf. People v Giler*, 148 AD3d 1053 [2017]; *People v Arnold*, 139 AD3d 748 [2016]). Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.