■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNELL ROBERSON, Appellant. [64 NYS3d 835]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered December 17, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress a handgun seized from his person by the police during a traffic stop. We reject that contention. Initially, we reject defendant's contention that the court's factual findings at the suppression hearing are against the weight of the evidence (see People v Johnson, 143 AD3d 1284, 1285 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]). "The suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record" and, contrary to defendant's contention, we perceive no basis to disturb the court's determination to credit the testimony of the police officers (People v Hale, 130 AD3d 1540, 1541 [4th Dept 2015], lv denied 26 NY3d 1088 [2015], denied reconsideration 27 NY3d 998 [2016] [internal quotation marks omitted]; see People v Mills, 93 AD3d 1198, 1199 [4th Dept 2012], lv denied 19 NY3d 964 [2012]; People v Barfield, 21 AD3d 1396, 1396-1397 [4th Dept 2005], lv denied 5 NY3d 881 [2005]).

The evidence at the suppression hearing established that the police "lawfully stopped the vehicle in which defendant was a passenger because it had excessively tinted windows" (People v Fagan, 98 AD3d 1270, 1271 [4th Dept 2012], lv denied 20 NY3d 1061 [2013], cert denied 571 US —, 134 S Ct 262 [2013]), and lawfully directed defendant to exit the vehicle (see People v Robinson, 74 NY2d 773, 775 [1989], cert denied 493 US 966 [1989]; People v Henderson, 26 AD3d 444, 445 [2d Dept 2006], lv denied 6 NY3d 895 [2006]). Based upon defendant's movements outside the vehicle, "the officers suspected that defendant was attempting to conceal something . . . , and they reasonably suspected that defendant was armed and posed a threat to their safety because his actions were directed to the area of his waistband, which was concealed from their view"

(*Fagan*, 98 AD3d at 1271). Thus, when defendant grabbed the front area of his waistband upon exiting the vehicle, the first officer was justified in directing defendant to place his hands on the roof of the vehicle, in holding onto defendant's belt, and in instructing him to walk toward the rear of the vehicle (*see People v Green*, 80 AD3d 1004, 1005 [3d Dept 2011]; *People v Mack*, 49 AD3d 1291, 1292 [4th Dept 2008], *lv denied* 10 NY3d 866 [2008]) and, when defendant refused several instructions to stop pressing his waist against the vehicle while sidestepping along it, the first officer was justified in pulling defendant away from the vehicle by the belt (*see Fagan*, 98 AD3d at 1271). Even assuming, arguendo, that defendant was subjected to a frisk when the second officer touched defendant's hip area and pushed his body away from the vehicle, thereby revealing the handgun in defendant's waistband, we conclude that such an intrusion was justified based upon defendant's refusal to comply with the repeated instructions to move his waist from the vehicle and the metal-on-metal sound heard by the second officer, which was consistent with the sound of a weapon making contact with the vehicle (*see Mack*, 49 AD3d at 1292). We thus conclude that the conduct of the police constituted a "constitutionally justified intrusion designed to protect the safety of the officers" (*People v Robinson*, 278 AD2d 808, 809 [4th Dept 2000], *lv denied* 96 NY2d 787 [2001]), and that the court properly refused to suppress the evidence seized as a result thereof (*see Mack*, 49 AD3d at 1292).

Finally, contrary to defendant's alleged "concession" otherwise, his contention that the police subjected him to an unlawful frisk is preserved for our review (*see People v De Bour*, 40 NY2d 210, 214 [1976]; *People v Riddick*, 70 AD3d 1421, 1423 [4th Dept 2010], *lv denied* 14 NY3d 844 [2010]) and, therefore, his assertion that defense counsel was ineffective for failing to preserve that contention is without merit. Present— Whalen, P.J., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.