People v Wright (2018 NY Slip Op 00717)





People v Wright


2018 NY Slip Op 00717


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, AND WINSLOW, JJ.


1211 KA 15-00600

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARKALL WRIGHT, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 9, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). We conclude that Supreme Court properly refused to suppress the crack cocaine and marihuana recovered from the vehicle in which defendant had been sitting. Contrary to defendant's contention, the record establishes that the police officers had a reasonable suspicion that defendant was involved in criminal activity or that he posed some danger to them. The police officers encountered defendant in a parking lot located in the 300 block of South Avenue in the City of Syracuse, which was a high-crime area that was known to the officers for gang activity and was frequently used to conduct drug transactions. When the officers arrived at the scene in their marked patrol vehicle, they observed three vehicles in the otherwise empty lot. Two of the vehicles, a Jeep Compass that was occupied by defendant and a Nissan Maxima, were positioned with the driver's side doors facing each other. When defendant noticed the officers, he reacted in a startled manner and made a furtive movement toward the center console of the Jeep. The driver of the Nissan Maxima then drove away and defendant exited the Jeep, at which time he was recognized by the officers as a gang member with an extensive criminal history. On this record, we conclude that the officers had a "reasonable suspicion that [defendant was] involved in criminal acts or pose[d] some danger to [them]" (People v Harrison, 57 NY2d 470, 476 [1982]; see People v Clay, 147 AD3d 1499, 1500 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]; People v Mack, 49 AD3d 1291, 1292 [4th Dept 2008], lv denied 10 NY3d 866 [2008]). Contrary to defendant's further contention, the officers were justified in forcibly stopping defendant by approaching him with their weapons drawn (see generally Harrison, 57 NY2d at 476), inasmuch as they "had a reasonable basis for fearing for their safety and [were] not required to await the glint of steel" (People v Bracy, 91 AD3d 1296, 1298 [4th Dept 2012], lv denied 20 NY3d 1060 [2013] [internal quotation marks omitted]).
We further conclude that the officers had probable cause to search the Jeep. When the officers approached defendant, he slammed the door of the Jeep, which caused the odor of unburnt marihuana to emanate from the area of defendant and the vehicle. It is well established that the odor of marihuana "emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search [the] vehicle and its occupants" (People v Walker, 128 AD3d 1499, 1500 [4th Dept 2015], lv denied 26 NY3d 936 [2015] [internal quotation marks omitted]; see People v Ricks, 145 AD3d 1610, 1611 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Finally, in light of our determination, we do not address defendant's remaining contention.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court