People v Booth (2018 NY Slip Op 00944)





People v Booth


2018 NY Slip Op 00944


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1480 KA 16-00233

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PATRICK M. BOOTH, DEFENDANT-APPELLANT. 






EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.
PATRICK M. BOOTH, DEFENDANT-APPELLANT PRO SE.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 13, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). We agree with defendant that the waiver of the right to appeal was not valid. County Court did not engage defendant in an adequate colloquy to ensure that the waiver was knowing and voluntary (see People v Ricks, 145 AD3d 1610, 1610 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]; People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]). While the record contains a written appeal waiver, the written waiver, standing alone, offers no assurance that defendant knowingly, voluntarily and intelligently gave up his right to appeal (see People v Welcher, 138 AD3d 1481, 1482 [4th Dept 2016], lv denied 28 NY3d 938 [2016]) inasmuch as the court only asked defendant whether he signed the waiver, not whether he had read or understood its contents (see People v Peterkin, 153 AD3d 1568, 1569 [4th Dept 2017]; Ricks, 145 AD3d at 1610).
We reject defendant's contention in his main and pro se supplemental briefs that the court improperly refused to suppress items of tangible evidence obtained from him by police officers following the stop of the vehicle in which he was the back seat passenger. The officers were authorized to stop the vehicle based upon their observation of an inoperable brake light, which was a violation of Vehicle and Traffic Law § 375 (40) (b) (see People v John, 119 AD3d 709, 710 [2d Dept 2014], lv denied 24 NY3d 1003 [2014]; People v Garcia, 30 AD3d 833, 834 [3d Dept 2006]). When one of the officers looked into the area of the back seat, he recognized, based upon his training and experience, items that could be utilized for the production of methamphetamine. The officer had an objective credible reason at that point to request information from defendant (see People v De Bour, 40 NY2d 210, 223 [1976]). The officer could have also requested that defendant step out of the vehicle (see People v Robinson, 74 NY2d 773, 775 [1989], cert denied 493 US 966 [1989]; People v McLaurin, 70 NY2d 779, 781-782 [1987]), but the court credited the officer's testimony that defendant spontaneously and voluntarily exited the vehicle.
When defendant was out of the vehicle, the officer noticed on defendant's clothing a distinct chemical odor that the officer associated with the production of methamphetamine. Before the officer spoke to him, defendant made repeated movements toward a large bulge in his front jacket pocket, despite the officer's repeated request that defendant keep his hands out of his pocket, prompting the officer to become reasonably concerned for his safety (see People v [*2]Glover, 87 AD3d 1384, 1384-1385 [4th Dept 2011], lv denied 19 NY3d 960 [2012]; People v Robinson, 278 AD2d 808, 809 [4th Dept 2000], lv denied 96 NY2d 787 [2001]). That concern increased when, upon being advised by the officer that he was going to pat defendant down for weapons, defendant became tense and immediately reached for another pocket (see People v Wiggins, 126 AD3d 1369, 1369-1370 [4th Dept 2015]). The patdown produced a switchblade knife, which provided probable cause for defendant's arrest (see Penal Law § 265.01 [1]). As the court concluded, the remaining evidence seized from defendant's person could have been lawfully obtained pursuant to his lawful arrest (see People v Johnson, 132 AD3d 1295, 1297 [4th Dept 2015], lv denied 27 NY3d 1134 [2016]), but the officer, exhibiting an abundance of caution, obtained a warrant. In sum, therefore, we agree with the suppression court that the police conduct "was justified in its inception and at every subsequent stage of the encounter" (People v Nicodemus, 247 AD2d 833, 835 [4th Dept 1998], lv denied 92 NY2d 858 [1998], citing De Bour, 40 NY2d at 215).
Finally, we reject defendant's contention in his main and pro se supplemental briefs that he was denied effective assistance of counsel. " In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Singletary, 51 AD3d 1334, 1335 [3d Dept 2008], lv denied 11 NY3d 741 [2008]). Here, defense counsel negotiated a favorable plea, and defendant has not demonstrated "the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings in his conduct of the suppression hearing (People v Rivera, 71 NY2d 705, 709 [1988]). Finally, we reject defendant's contention that he was denied effective assistance of counsel based upon the appearance of retained counsel's
associate to represent defendant at the plea proceeding.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court