People v Burris (2018 NY Slip Op 05858)





People v Burris


2018 NY Slip Op 05858


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-04489
 (Ind. No. 1283/14)

[*1]The People of the State of New York, respondent,
v
Darius Burris, appellant.


Martin Geoffrey Goldberg, Franklin Square, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Judith Sternberg, Barbara Kornblau, and Yael V. Levy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Alan L. Honorof, J.), rendered March 31, 2016, convicting him of identity theft in the second degree, petit larceny, criminal possession of stolen property in the fourth degree (four counts), and criminal possession of stolen property in the fifth degree (four counts), and sentencing him to concurrent terms of imprisonment of two to four years for identity theft in the second degree, one year for petit larceny, and two to four years for criminal possession of stolen property in the fourth degree, to run consecutively to concurrent terms of imprisonment of two to four years for the remaining three counts of criminal possession of stolen property in the fourth degree and one year for the four counts of criminal possession of stolen property in the fifth degree. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and a statement made by the defendant to the arresting officers.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.
The following was established at a pretrial suppression hearing. The defendant, Darius Burris, who was wanted by the New York City Police Department (hereinafter NYPD) for an alleged vehicular assault which occurred in that jurisdiction, was arrested for that crime on December 27, 2013, by a member of the Hempstead Village Police Department based upon a "wanted flyer" distributed by the NYPD. The defendant denied that his name was Darius Burris. He was searched incident to the arrest, and personal property was removed from his person, including credit cards, which bore a female name, from his pockets. Without advising the defendant of his Miranda rights (Miranda v Arizona, 384 US 436), the police asked the defendant who the woman was. The defendant replied that the woman was his aunt and that she allowed him to use her credit cards. At the police station house, the defendant's personal property was placed in a manila envelope and was later turned over to the NYPD, along with the defendant. In response to questions from a member of the NYPD, the defendant, again without having been advised of his Miranda rights, claimed that the credit cards belonged to his girlfriend. At the conclusion of the suppression hearing, defense counsel argued that the defendant's statements should be suppressed because he was [*2]not advised of his Miranda rights. The Supreme Court found that the arrest was supported by probable cause. The court suppressed the statement to the NYPD, but ruled that the statement to the Hempstead Village police was admissible.
At the trial, the owner of the credit cards testified that the credit cards were taken from her vehicle without her permission on or about December 20, 2013. She reported the credit cards stolen. One of the credit cards was used to make a purchase at 10:21 a.m. on December 20, 2013, at a Dunkin Donuts in Westbury. The owner of the credit card had never been in that establishment. The defendant was identified from surveillance videotape as the person who used the credit card. The surveillance videotape, which clearly showed the defendant making the purchase, was admitted into evidence. The defendant was convicted of each of the 10 counts submitted to the jury.
The defendant's contention that the search of his person incident to his arrest was improper is without merit. The police did not search a bag or container which could be separated from the defendant (see People v Jimenez, 22 NY3d 717, 723; People v Houston, 143 AD3d 737, 739; People v Anderson, 142 AD3d 713, 715; People v Morales, 126 AD3d 43). Rather, the credit cards were on his person, and therefore, were properly seized incident to his arrest (see Matter of Jamal S., 28 NY3d 92; People v Letriz, 103 AD3d 446; People v Rodriguez, 302 AD2d 240; People v Williams, 236 AD2d 642).
As the People correctly concede, both of the defendant's statements to police, which were made in response to questions while the defendant was in custody, and without the benefit of Miranda warnings, should have been suppressed (see People v Jones, 153 AD3d 934; People v Blacks, 153 AD3d 720, 721-722). As previously noted, the second statement was suppressed, but the first statement was not. Nevertheless, since the evidence of the defendant's guilt, without reference to that statement, was overwhelming, and there is no reasonable possibility that the jury would have acquitted the defendant had it not been for this error, the error was harmless (see People v Romero, 27 NY3d 981, 982; People v Crimmins, 36 NY2d 230, 237, 241-242; People v Borukhova, 89 AD3d 194, 216).
The sentence was excessive to the extent indicated herein.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit or need not be addressed in light of our determination (see People v Day, 73 NY2d 208).
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court