People v Harvey (2018 NY Slip Op 08863)





People v Harvey


2018 NY Slip Op 08863


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1381 KA 14-01313

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES HARVEY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, TREVETT CRISTO P.C. (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered May 20, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [4]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). This case arose from an incident in which defendant entered a crowded restaurant in the early morning while carrying a loaded revolver in his waistband. During an encounter with a police officer, the revolver discharged and a customer was shot.
Defendant contends that County Court erred in refusing to suppress physical evidence, i.e. the revolver, because the officer lacked probable cause to effect an arrest. We reject that contention. The record establishes that the officer had an articulable reason for initially approaching defendant "to conduct a common-law inquiry, i.e., [he] had a founded suspicion that criminal activity [was] afoot' " (People v Mack, 49 AD3d 1291, 1292 [4th Dept 2008], lv denied 10 NY3d 866 [2008], quoting People v De Bour, 40 NY2d 210, 223 [1976]). More particularly, a security guard from a nearby bar told the officer that defendant brushed up against him and, when defendant did so, the guard felt a hard object in defendant's waistband, which he knew to be a gun. After the guard identified defendant in the restaurant, the officer observed a bulge in defendant's waistband that looked like a gun inasmuch as it was hard, stuck upwards, and was inconsistent with an object other than a gun. Given defendant's subsequent furtive movements after making eye contact with the officer, and the fact that the incident occurred in a crowded restaurant, the officer was justified in asking him to step outside "to request clarification as to the source of the waistband bulge" (De Bour, 40 NY2d at 221). Defendant's subsequent act of leaning back and reaching for his waistband "provided the officer[] with reasonable suspicion to believe that defendant posed a threat to [his] safety" (Mack, 49 AD3d at 1292; see People v Benjamin, 51 NY2d 267, 271 [1980]). The officer was thus justified in grabbing defendant's right arm in order to prevent him from drawing what turned out to be a revolver (see Mack, 49 AD3d at 1292). In the ensuing struggle, the revolver discharged, providing probable cause to effect an arrest (see generally People v Daniels, 147 AD3d 1392, 1393 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to assault in the second degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court