People v Sylvester (2020 NY Slip Op 05534)





People v Sylvester


2020 NY Slip Op 05534


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-01669
 (Ind. No. 398/18)

[*1]The People of the State of New York, respondent,
v
Tyrone Sylvester, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner and Patty C. Walton of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew Sciarrino, Jr., J.), rendered January 7, 2019, convicting him of assault in the second degree, unlawful imprisonment in the second degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant got into a verbal altercation with the complainant, a tenant who rented a bedroom in the defendant's home located in Brooklyn. The altercation escalated into a physical altercation during which the defendant ultimately used a machete to slash the complainant on the leg. Evidence adduced at the suppression hearing established that the police arrived to find the two men on the ground in the hallway outside the complainant's bedroom, the defendant on top of the complainant with his fist raised and "blood everywhere on the ground." The two men were separated and the defendant was handcuffed and escorted by police out of the house to the sidewalk. After speaking with the complainant, the police officer approached the defendant and, without providing Miranda warnings (see Miranda v Arizona, 384 US 436, 444), asked the defendant, "what happened" and "I need to hear both sides of the story. Tell me what happened." The defendant responded, making an incriminating statement. At no time did the police officer see the defendant in possession of a machete. The Supreme Court denied suppression, finding that the investigatory questions that were asked were to clarify the nature of the situation that the officer confronted. At trial, the defendant presented a justification defense. The jury returned a verdict finding the defendant guilty of, inter alia, assault in the second degree and criminal possession of a weapon in the fourth degree. The defendant appeals.
Even giving deference to the hearing court's credibility determinations, we disagree with the court's determination to deny that branch of the defendant's omnibus motion which was to suppress the statement he made to the responding police officer without the benefit of Miranda warnings. Here, the record demonstrates that the police officer's question and statements, "what [*2]happened?" and "I need to hear both sides of the story. Tell me what happened" were interrogative rather than investigatory for clarification purposes (cf. People v Valentin, 118 AD3d 823). Furthermore, the defendant was in police custody at the time that he made the subject statement to the police. The evidence presented at the hearing, including, among other things, the officer's testimony that the defendant was handcuffed, in custody, and not free to leave (see People v Torres, 172 AD3d 758; People v Rivera, 91 AD3d 972), established that a reasonable, innocent person would not have believed that he or she was free to leave at the time that the defendant made his statement to the officer (see People v Jones, 153 AD3d 934). Accordingly, the defendant's statement to the police should have been suppressed (see People v Torres, 172 AD3d at 761; People v Jones, 153 AD3d at 934; People v Payne, 41 AD3d 512). However, reversal is not required (see People v Payne, 41 AD3d at 514), since proof of the defendant's guilt, without reference to the statement, was overwhelming and there is no reasonable possibility that the claimed error might have contributed to the defendant's conviction (see People v Jones, 153 AD3d at 934-935; People v Hillard, 151 AD3d 743).
The defendant's contention that the prosecutor's improper remarks during summation deprived him of a fair trial is only partially preserved for appellate review (see CPL 470.05[2]; People v Escamilla, 168 AD3d 758). In any event, this contention is without merit since the challenged remarks were either fair comment on the evidence and the inferences to be drawn therefrom, or were not so egregious as to have deprived the defendant of a fair trial (see People v Grace, 179 AD3d 1092, 1093; People v Lopez, 150 AD3d 1266; People v Hatcher, 130 AD3d 648; People v Gonzalez, 83 AD3d 1093; cf. People v Dawson, 178 AD3d 719).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court