People v Corey (2022 NY Slip Op 05646)

People v Corey

2022 NY Slip Op 05646

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

740 KA 21-01015

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SCOTT A. COREY, DEFENDANT-APPELLANT. 

CRAIG M. CORDES, SYRACUSE, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, ACTING DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 24, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a firearm, unlawful sale or possession of dangerous substances and criminally using drug paraphernalia in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of defendant's omnibus motion seeking to suppress his statements is granted to the extent of suppressing his statements in the hospital other than "I'm beat up," and the matter is remitted to Cayuga County Court for further proceedings on the indictment.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress the statements he made to an officer while defendant was receiving treatment at a hospital. We agree in part.
It is well settled that "both the elements of police custody and police interrogation must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by Miranda" (People v Spirles, 136 AD3d 1315, 1316 [4th Dept 2016], lv denied 27 NY3d 1007 [2016], cert denied — US &mdash, 137 S Ct 298 [2016] [internal quotation marks omitted]). Here, it is undisputed that defendant was in police custody at the time he made the statements and that no one read defendant his Miranda warnings prior to defendant making the statements.
The officer testified at the suppression hearing that defendant "called [the officer] over" to his bed and said "I'm beat up," after which the officer asked defendant "what happened." Defendant then explained the circumstances surrounding how he allegedly came into possession of a weapon he was not legally authorized to possess. We conclude that defendant's initial statement, "I'm beat up," was not subject to suppression because it was " 'spontaneous and not the result of inducement, provocation, encouragement or acquiescence' " (People v Rodriguez-Rivera, 203 AD3d 1624, 1626 [4th Dept 2022]). The court, however, erred in refusing to suppress the remainder of his statements, which were made in response to the officer's question that was intended to elicit a response, and thus those statements cannot be said to have been "genuine[ly] spontane[ous]," i.e., they were not
" 'spontaneous in the literal sense of that word as having been made without apparent external cause' " (People v Ibarrondo, 150 AD3d 1644, 1645 [4th Dept 2017]; see People v Paulman, 11 AD3d 878, 879 [4th Dept 2004], affd 5 NY3d 122 [2005]; People v Sylvester, 187 AD3d 798, 799-800 [2d Dept 2020], lv denied 36 NY3d 976 [2020]; People v Ackerman, 162 AD2d 793, 794 [3d Dept 1990]).
In the absence of any proof that defendant would have pleaded guilty even if the relevant statements were suppressed, we conclude that the plea must be vacated " '[i]nasmuch as the erroneous suppression ruling may have affected defendant's decision to plead guilty' " (People v Glanton, 72 AD3d 1536, 1538 [4th Dept 2010]).
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court