People v Baker (2023 NY Slip Op 04858)

People v Baker

2023 NY Slip Op 04858

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

627 KA 17-00937

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD K. BAKER, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT.
RONALD K. BAKER, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered March 10, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted aggravated assault upon a police officer or a peace officer. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted aggravated assault upon a police officer or a peace officer (Penal Law §§ 110.00, 120.11). We affirm.
Preliminarily, as defendant contends in his main brief and as the People correctly concede, the record does not establish that defendant validly waived his right to appeal. Supreme Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Shanks, 37 NY3d 244, 253 [2021]; People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant contends in his main brief that the police engaged in improper pre-Miranda custodial interrogation and, as a result, his post-Miranda statements should have been suppressed. Defendant failed to preserve that contention for our review, however, because he did not raise that particular ground in either his suppression motion or at the hearing (see People v Panton, 27 NY3d 1144, 1145 [2016]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Caballero, 23 AD3d 1031, 1032 [4th Dept 2005], lv denied 6 NY3d 846 [2006]). Defendant's related contention in his main brief that he was denied effective assistance of counsel by defense counsel's failure to seek suppression of his statements on Miranda grounds does not survive his guilty plea inasmuch as defendant "failed to demonstrate that the plea bargaining process was infected by the allegedly ineffective assistance or that he entered the plea because of defense counsel's allegedly poor performance" (People v Alsaifullah, 162 AD3d 1483, 1485-1486 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]; see People v Williams, 210 AD3d 1507, 1507-1508 [4th Dept 2022], lv denied 39 NY3d 1081 [2023]; see generally People v Petgen, 55 NY2d 529, 534-535 [1982], rearg denied 57 NY2d 674 [1982]).
Defendant further contends in his main brief that he was deprived of a reasonable [*2]opportunity to advance his arguments in support of his pro se motion to withdraw his guilty plea. We reject that contention. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' " (People v Brown, 14 NY3d 113, 116 [2010], quoting People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Manor, 27 NY3d 1012, 1013-1014 [2016]). "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present [their] contentions and the court should be enabled to make an informed determination" (Tinsley, 35 NY2d at 927). Here, the record establishes that defendant was afforded such an opportunity and that the court was able to make an informed determination of the motion (see People v Weems, 203 AD3d 1684, 1684 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]; People v Soriano, 178 AD3d 1376, 1377 [4th Dept 2019], lv denied 34 NY3d 1163 [2020]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]).
Defendant's contention that he was coerced into pleading guilty by an overcharge in the indictment and by the court's emphasis on the potential sentence that could be imposed after a trial is not preserved for our review because defendant did not raise those particular arguments in his motion to withdraw the plea (see People v Saccone, 211 AD3d 1520, 1522 [4th Dept 2022], lv denied 39 NY3d 1113 [2023]; People v Gast, 114 AD3d 1270, 1270 [4th Dept 2014], lv denied 22 NY3d 1198 [2014]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). To the extent that defendant asserted in his motion that he was pressured into accepting the plea by defense counsel, that assertion is "belied by his statements during the plea proceeding[ ]" and, in addition, defendant's "conclusory and unsubstantiated claim[s] of innocence [are] belied by his admissions during the plea colloquy" (People v Garner, 86 AD3d 955, 955 [4th Dept 2011]; see People v Haffiz, 19 NY3d 883, 884-885 [2012]; Sparcino, 78 AD3d at 1509).
Defendant also contends that his guilty plea should be vacated because his factual recitation did not affirmatively establish each and every element of the crime. Defendant failed to preserve for our review that challenge to the factual sufficiency of the allocution, and we conclude that this case does not fall within the rare exception to the preservation requirement (see People v Barnes, 206 AD3d 1713, 1715 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]; see generally People v Lopez, 71 NY2d 662, 665-666 [1988]). In any event, defendant's contention lacks merit. "[A] defendant who pleads guilty need not 'acknowledge[ ] committing every element of the pleaded-to offense . . . or provide[ ] a factual exposition for each element of the pleaded-to offense' . . . [and a] plea will not be vacated where, as here, the defendant does not negate an element of the pleaded-to offense during the colloquy or otherwise cast doubt on his or her guilt or the voluntariness of the plea" (People v Madden, 148 AD3d 1576, 1578 [4th Dept 2017], lv denied 29 NY3d 1034 [2017], quoting People v Seeber, 4 NY3d 780, 781 [2005]; see Barnes, 206 AD3d at 1715).
Contrary to defendant's contention in his main brief, we conclude that the sentence is not unduly harsh or severe. Finally, we have considered the remaining contentions in defendant's main brief and the contentions in his pro se supplemental brief, and we conclude that none warrants reversal or modification of the judgment.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court