People v Williams (2025 NY Slip Op 07158)

People v Williams

2025 NY Slip Op 07158

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

865 KA 22-01845

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC WILLIAMS, DEFENDANT-APPELLANT.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered October 21, 2022. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress all statements made after defendant invoked his right to remain silent is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), arising from an incident in which the police recovered a handgun from the pocket of defendant's jacket during a pat frisk that took place following an automobile stop. Defendant was a back seat passenger in a vehicle that was lawfully stopped by the police for traffic infractions. While a police officer was speaking to the driver, another officer on the other side of the vehicle observed marihuana on the center console. The officers questioned the driver about the marihuana, whereupon the driver showed the officer a blunt and said that there was no other illegal substance in the vehicle. The police eventually directed defendant to exit the vehicle, and defendant complied with that request. When an officer began to conduct a pat frisk, however, defendant pulled away and attempted to flee. The officers quickly apprehended defendant and found a loaded handgun in his jacket. During an interrogation at the police station, defendant said that he obtained the handgun earlier that day for self-protection. After unsuccessfully seeking suppression of the handgun and his statements to the police at the station, defendant pleaded guilty.
Defendant contends that Supreme Court erred in refusing to suppress the handgun. We reject that contention. As a threshold matter, we note that the officers lawfully directed defendant to exit the vehicle. "In light of the heightened dangers faced by investigating police officers during traffic stops, a police officer may, as a precautionary measure and without particularized suspicion, direct the occupants of a lawfully stopped vehicle to step out of the car" (People v Garcia, 20 NY3d 317, 321 [2012]; see People v Robinson, 74 NY2d 773, 775 [1989], cert denied 493 US 966 [1989]; People v Roberson, 155 AD3d 1683, 1683 [4th Dept 2017], lv denied 31 NY3d 1086 [2018]; see generally Pennsylvania v Mimms, 434 US 106, 111 [1977]). We further conclude that, based on the presence of marihuana inside the vehicle, the officers had probable cause to search all occupants (see People v Singleton, 237 AD3d 1509, 1509 [4th Dept 2025]; Matter of Q.P., 225 AD3d 570, 571 [1st Dept 2024]; People v Mills, 93 AD3d 1198, 1199 [4th Dept 2012], lv denied 19 NY3d 964 [2012]; see also People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]; see generally People v Chestnut, 36 NY2d 971, 973 [1975]).
Defendant further contends that the frisk was unlawful under the Marihuana Regulation and Taxation Act ([MRTA]; L 2021, ch 92), which took effect after his arrest but before his suppression hearing. The MRTA added Penal Law § 222.05, pursuant to which the odor of marihuana or possession of marihuana in legally authorized amounts "can no longer be the basis for a police search" (People v Pastrana, 41 NY3d 23, 29 [2023], cert denied — US &mdash, 144 S Ct 1066 [2024]; see § 222.05 [3]). Because defendant did not argue in his suppression motion or at the hearing that section 222.05 (3) applied retroactively to the police conduct in this case, he failed to preserve that contention for our review (see People v Panton, 27 NY3d 1144, 1145 [2016]; People v Baker, 219 AD3d 1678, 1679 [4th Dept 2023], lv denied 41 NY3d 942 [2024]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We reject defendant's alternative contention that defense counsel was ineffective in failing to preserve his MRTA issue. For a single error or omission in an otherwise competent performance to rise to the level of ineffective assistance of counsel, the error or omission "must typically involve an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it must be evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy" (People v McGee, 20 NY3d 513, 518 [2013]). That standard is not met where the success of an omitted argument "depended on the resolution of novel questions . . . or when . . . there was no clear appellate authority supporting the argument the defendant claims that counsel should have made" (People v Hayward, 42 NY3d 753, 756 [2024] [internal quotation marks omitted]).
Here, during the pendency of defendant's case at the trial level, there was no appellate authority supporting his current contention that Penal Law § 222.05 (3) applied in this procedural context, i.e., where the search took place before the statute's enactment but the suppression hearing occurred after enactment. As of this writing, the only such authority is People v Martin (242 AD3d 18, 21-22 [3d Dept 2025]), a 3-2 decision issued by the Third Department more than three years after defendant pleaded guilty (cf. People v Fasoli, 242 AD3d 900, 901-902 [2d Dept 2025]).
In fact, prior to defendant's plea, the Second Department rejected a claim that Penal Law § 222.05 (3) applied retroactively to invalidate searches that were lawful when undertaken (see People v Babadzhanov, 204 AD3d 685, 687 [2d Dept 2022], lv denied 38 NY3d 1069 [2022], reconsideration denied 39 NY3d 939 [2022]), a position later affirmed by the Court of Appeals (see Pastrana, 41 NY3d at 29-30; see also People v Vaughn, 203 AD3d 1729, 1730 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]). Thus, even assuming, arguendo, that we would now agree with the majority in Martin that section 222.05 (3) applies to pre-enactment searches where the resulting suppression hearings are held post-enactment, it cannot be said that defense counsel was ineffective in failing to advance before the motion court what was then a novel argument (see generally People v Watkins, 42 NY3d 635, 640 [2024], cert denied — US &mdash, 145 S Ct 459 [2024]).
We agree with defendant, however, that the court erred in refusing to suppress statements that he made to the police after he was advised of his Miranda rights. Following his arrest, defendant was transported to the police station, where he was placed in an interview room and advised of his Miranda rights by one of the arresting officers. After defendant indicated that he understood those rights, the officer asked whether defendant would agree to waive them and speak to the officer. Defendant did not respond in the affirmative. Instead, he said, "I ain't got nothing to talk about. I just want to go to jail. I want to go to sleep."
Rather than confirming whether defendant wished to waive his constitutional rights, including the right to remain silent, the officer stated, "Well, I don't want to waste your time but I am curious about the fight you had been in in the morning," a matter defendant had discussed with another officer at the scene or on the way to the station. Defendant proceeded to speak to the interrogating officer about the fight and made incriminating statements about his unlawful possession of the handgun. Even assuming, arguendo, that defendant waived his Miranda rights in the first instance, we conclude that he unequivocally invoked his right to remain silent and that the officer did not scrupulously honor that right (see generally People v Ferro, 63 NY2d 316, 322 [1984], cert denied 472 US 1007 [1985]).
"[I]n order to terminate questioning, the assertion by a defendant of his right to remain silent must be unequivocal and unqualified . . . Whether that request was unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request[,] including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (People v Johnston, 192 AD3d 1516, 1518 [4th Dept 2021], lv denied 37 NY3d 972 [2021] [internal quotation marks omitted]; see People v Glover, 87 NY2d 838, 839 [1995]). Here, defendant said in no uncertain terms that he did not want to talk to the officer and instead wanted to be taken to jail (see e.g. People v Marrero, 199 AD3d 1471, 1473-1474 [4th Dept 2021], lv denied 38 NY3d 929 [2022]; Johnston, 192 AD3d at 1519; People v Colon, 185 AD3d 1510, 1512 [4th Dept 2020], lv denied 35 NY3d 1093 [2020]; People v Reid, 34 AD3d 1273, 1273 [4th Dept 2006], lv denied 8 NY3d 884 [2007]), and "[n]o reasonable police officer could have interpreted that statement as anything other than a desire not to talk to the police" (Colon, 185 AD3d at 1512; see Marrero, 199 AD3d at 1474). The officer nevertheless continued to ask defendant questions that were "reasonably likely to elicit an incriminating response" (People v Paulman, 5 NY3d 122, 129 [2005] [internal quotation marks omitted]; see Reid, 34 AD3d at 1273; see generally Rhode Island v Innis, 446 US 291, 300-301 [1980]). Under the circumstances, we conclude that the court's determination that defendant did not unequivocally invoke his right to remain silent is "unsupported by the record" (People v Zacher, 97 AD3d 1101, 1101 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]; see Johnston, 192 AD3d at 1518-1519; cf. People v Brown, 240 AD3d 1278, 1279 [4th Dept 2025]).
We therefore reverse the judgment, vacate the plea, and grant that part of the omnibus motion seeking to suppress all statements made after defendant invoked his right to remain silent, and we remit the matter to Supreme Court for further proceedings on the indictment (see People v Corey, 209 AD3d 1306, 1307 [4th Dept 2022]; People v Hughes, 199 AD3d 1332, 1335 [4th Dept 2021]). In light of our determination, we do not address defendant's challenge to the severity of the sentence. We have reviewed defendant's remaining contentions and conclude that none warrants further relief.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court